**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | )<br>)  **3:09-md-02100-DRH-PMF**<br>)<br>)  **MDL No. 2100**<br>) |

**This Document Relates to:**

| | |
|---|---|
| *Kara Abbott v. Bayer Pharma AG, et al.* | No. 3:11-cv-13122-DRH-PMF |
| *Rebecca Adams, et al. v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.*[1] | No. 3:11-cv-13025-DRH-PMF |
| *Melissa Aiger v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13294-DRH-PMF |
| *Jennifer Alforejy, et al. v. Bayer Corp., et al.*[2] | No. 3:11-cv-12970-DRH-PMF |
| *Emily Blevins v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13011-DRH-PMF |
| *Kandace Chambers v. Bayer Corp., et al.* | No. 3:11-cv-12639-DRH-PMF |
| *Shaina Collins v. Bayer Corp., et al.* | No. 3:11-cv-13108-DRH-PMF |
| *Alicia Guerin, et al. v. Bayer Corp., et al.*[3] | No. 3:11-cv-13233-DRH-PMF |
| *Samantha Hamrick, et al. v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.*[4] | No. 3:11-cv-12806-DRH-PMF |
| *Stefanie Harrison, et al. v. Bayer Corp., et al.*[5] | No. 3:11-cv-12507-DRH-PMF |

[1]  This order applies only to plaintiffs Shaelee Garrison, Valerie Myers and Joymarie Verdisco.

[2]  This order applies only to plaintiffs Jennifer Alforejy, Rhonda Linam and Wendi Westbrook.

[3]  This order applies only to plaintiff Shaunda Cantrell.

[4]  This order applies only to plaintiff Katie King.

| | |
|---|---|
| *Andrea Hollowell v. Bayer Corp., et al.* | No. 3:11-cv-13229-DRH-PMF |
| *Melissa Johnson v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-11996-DRH-PMF |
| *Elizabeth Law v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13240-DRH-PMF |
| *Dawn Lindley, et al. v. Bayer Corp., et al.[6]* | No. 3:11-cv-12574-DRH-PMF |
| *Karan and Ruy Lozano v. Bayer Corp., et al.* | No. 3:11-cv-13205-DRH-PMF |
| *Marissa Lytle v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-12586-DRH-PMF |
| *Marilou Mewborn v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13274-DRH-PMF |
| *Amy and Brian Monroe v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13238-DRH-PMF |
| *Sharon Morrison v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-12706-DRH-PMF |
| *Heather Norris v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13241-DRH-PMF |
| *Amanda and Robert Perkins v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13230-DRH-PMF |
| *Leah Pfeiffer v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-12000-DRH-PMF |
| *Yvonne Richardson Campbell, et al. v.*<br>*Bayer Corp., et al.[7]* | No. 3:11-cv-12333-DRH-PMF |
| *Melanie and John Rogers v.*<br>*Bayer Corp., et al.* | No. 3:11-cv-12663-DRH-PMF |

---

[5]  This order applies only to plaintiffs Chelsea Thomas and Rebecca Watson.

[6]  This order applies only to plaintiffs Travonna Asberry, Dawn Lindley and Christina Smith.

[7]  This order applies only to plaintiff Billie Jo Goodfellow.

*Sloan Seaborn-Sebati v.*                     No. 3:11-cv-12276-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Rhanda Smith v.*                             No. 3:11-cv-12090-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Laura Tenorio v.*                            No. 3:12-cv-20002-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Lauren Terry, et al. v. Bayer Corp., et al.[8]*   No. 3:11-cv-12280-DRH-PMF

*Karen Wafa v.*                               No. 3:11-cv-13203-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Heather Ward, et al. v.*                     No. 3:11-cv-12404-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.[9]*

*Tina Westmoreland v.*                        No. 3:11-cv-13239-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Rukaiyah Williams v.*                        No. 3:11-cv-13287-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Sheila Woodard, et al. v. Bayer Corp., et al.[10]*   No. 3:11-cv-13232-DRH-PMF

*Heshima Worthington, et al. v.*              No. 3:11-cv-12959-DRH-PMF
*Bayer Pharmaceuticals Corp., et al.[11]*

---

[8]  This order applies only to plaintiff Courtney Hernandez.

[9]  This order applies only to plaintiff Stephanie Wood.

[10]  This order applies only to plaintiff Gina Vona.

[11]  This order applies only to plaintiff Heshima Worthington and her spouse, Christopher Atkinson.

## ORDER OF DISMISSAL WITHOUT PREJUDICE
### (Failure To Comply With PFS Obligations)

**Herndon, Chief Judge,**

This matter is before the Court on the Bayer defendants' motion, pursuant to Case Management Order 12 ("CMO 12")[12] for an order of dismissal, without prejudice, of the plaintiffs' claims in the above captioned cases for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[13]

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff.  Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, the plaintiffs in the above-captioned matters were to have served completed PFSs on or before March 17, 2012.  (*See e.g., Abbott* No. 3:11-cv-13122-

---

[12]  The Parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable.  CMO 12 § A(2).

[13]   Bayer's motion to dismiss also sought dismissal of the following member actions: *Lindsey Bush v. Bayer Corp., et al.* No. 3:11-cv-12415-DRH-PMF; *Tami Kerr v. Bayer Corp., et al.* No. 3:11-cv-12942-DRH-PMF; *Carrie Logan v. Bayer Corp., et al.* No. 3:11-cv-12652-DRH-PMF; *Frances Walker Long and Mark Long v. Bayer Corp., et al.* No. 3:11-cv-12420-DRH-PMF; *Mitzi Myers v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:11-cv-13292-DRH-PMF; *Elizabeth Oesterle v. Bayer Corp., et al.*  No. 3:11-cv-12941-DRH-PMF.  As to these actions, however, Bayer has withdrawn its motion to dismiss.

DRH-PMF Doc. 8-1).[14]  Per Section E of CMO 12, Notice of Overdue Discovery was sent

on April 12, 2012.  (*See e.g.*, *Abbott* No. 3:11-cv-13122-DRH-PMF Doc. 8-2).[15]  As of the

filing of Bayer's motion to dismiss, Bayer still had not received completed PFS materials

from the plaintiffs in the above-captioned matters (making the above-captioned

plaintiffs' PFSs more than three months overdue).

Under Section E of CMO 12, the **plaintiffs were given 14 days from the date of**

**Bayer's motion**, in this case 14 days from June 29, 2012, to file a response either

certifying that they served upon defendants and defendants received a completed PFS,

and attaching appropriate  documentation of receipt or an opposition to defendant's

motion.[16]

To date, none of the plaintiffs in the above captioned member actions has filed a

response.  Because the plaintiffs have failed to respond to Bayer's allegations, the Court

---

[14]   Identical motions were filed in each of the above captioned cases.  For ease of reference the Court refers to the motion and exhibits filed in *Abbott* No. 3:11-cv-13122-DRH-PMF Docs. 8, 8.1, 8.2).

[15] A similar case specific notice of over-due discovery was sent to each of the subject plaintiffs and is attached as an exhibit to Bayer's motion to dismiss in each of the above captioned member actions.

[16]   Responses to Bayer's motion to dismiss were due 14 days from June 29, 2012 regardless of any response date automatically generated by CM/ECF.  The Court has previously noted in orders in this MDL and during a status conference in this MDL that **when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**.  *See* **United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").**  The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

finds that these plaintiffs have failed to comply with their PFS obligations under CMO 12. **Accordingly, the claims of the above captioned plaintiffs are hereby dismissed without prejudice.**

The Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

**So Ordered:**

Digitally signed by
David R. Herndon
Date: 2012.08.20
15:59:58 -05'00'

**Chief Judge**                                          Date:  August 20, 2012
**United States District Court**

6